UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MICHAEL GRESHAM,

                    Plaintiff,                          Case No. 2:10-cv-197

v.                                                          Honorable Robert Holmes Bell

UNKNOWN MAKELA et al.,

                    Defendants.

_____/

## OPINION

            This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983.

The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation

Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any

prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a

claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such

relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro*

*se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's

allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504

U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure

to state a claim against Defendants Snyder, Heyns, McKeon, Straub, Sherry, Kelly, Petaja, Jondreau

and Mayotte.  The Court will serve the complaint against Defendants Makela, Neubecker, Mann,

Forrest, Schultz, Conklin, Payne, and Waters.

**Discussion**

I.    Factual allegations

Plaintiff Michael Gresham presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP), though the actions underlying his complaint also occurred while he was housed at the Baraga Maximum Correctional Facility (AMF), and the Ionia Maximum Correctional Facility (ICF). In his amended complaint, Plaintiff names Governor Rick Snyder and the following MDOC employees: Directors Daniel Heyns and Richard McKeon; Deputy Director Dennis Straub; and Hearing Investigators J. Green, J.A. Sherry, and R. Mohr. He also sues the following MBP employees: Sergeant (unknown) Makela; Resident Unit Officers (RUOs) (unknown) Neubecker, (unknown) Mann, (unknown) Forrest, and (unknown) Schultz; and Corrections Officer (unknown) Conklin. In addition, the following ICF employees are named in the amended complaint: RUO John Payne; Assistant Resident Unit Supervisor (ARUS) Jimmy R. Waters; and Sergeant (unknown) Kelly. Further, Plaintiff names the following AMF employees: (unknown) Petaja; T. Gajewski; P. Tussing; and W. Jondreau. Finally, in the caption of his amended complaint, he names (unknown) Mayotte without further reference to his title or place of employment.

Plaintiff's complaint is extremely difficult to decipher. The complaint is long and messy, including numerous annotations along the side, top and bottom margins. In addition, Plaintiff continuously references allegations previously presented in several of the other twenty-two civil actions Plaintiff has filed in this Court. *See, e.g., Gresham v. Wolak et al.*, No. 2:10-cv-239 (W.D. Mich.) (alleging that an officer placed a razor on his food tray, which Plaintiff swallowed, resulting in injury and a hospital visit); *Gresham v. Granholm et al.*, No. 2:09-cv-231 (W.D. Mich.) (alleging

- 2 -

that Plaintiff was raped by two corrections officers).  At times, it is apparent that Plaintiff is alleging

retaliation for the filing of the earlier actions; at other times, Plaintiff appears to include those

allegations as part of the instant action.  In any event, many of the allegations are against individuals

not named as Defendants in the action.[1]  The Court will not discuss any of Plaintiff's allegations

against individuals not named as Defendants.

Plaintiff alleges that Defendant Sergeant Makela allowed inmate Lee A. Massey-El

to assault Plaintiff in the shower, despite having been informed by Plaintiff that Massey-El had been

making threats against Plaintiff.  Subsequently, Defendants Neubecker, Schultz, Conklin, Mann and

Forrest[2] let Massey-El into Plaintiff's cell and permitted Massey-El to destroy Plaintiff's property,

legal materials and medications and to throw feces around the cell.  Following Massey-El's actions,

Plaintiff was moved to D-unit, where he allegedly was charged by unknown individuals with

unspecified false and retaliatory misconduct tickets.

Plaintiff also alleges that Defendants Payne and Waters intercepted and destroyed

Plaintiff's amended complaint in the instant action, causing the case to be dismissed.[3]  In addition,

---

[1]Indeed, out of Plaintiff's 40-page complaint, virtually all of the allegations about the named Defendants are found on the third and fourth pages.  (*See* Am. Compl., docket #43, Page ID##236-37.)

[2]Plaintiff also claims that (unknown) Thoma participated in this incident.  Although Thoma was named in Plaintiff's original complaint, he, like 28 other original Defendants, was terminated from the action on June 16, 2011, because he was not listed as a Defendant in the amended complaint filed that date.  In the order directing Plaintiff to file an amended complaint issued November 24, 2010 (docket #13), Plaintiff was warned that his amended complaint would take the place of his original complaint and must include all of the Defendants that Plaintiff intended to sue and all of the claims that he intended to raise.  The Court therefore will not address allegations against Thoma or any other individual not named as a Defendant in the amended complaint.

[3]The instant action was dismissed for lack of prosecution when Plaintiff failed to comply with the Court's order to file an amended petition on the form.  *See Gresham v. Makela et al.*, No. 2:10-cv-197 (W.D. Mich.) (Ord. & J. Apr. 22, 2011).  Plaintiff moved for reconsideration, claiming that Defendants had interfered with his mail and had destroyed his amended complaint.  The Court granted Plaintiff's motion and reinstated the action on May 18, 2011.  *See id.* (Mem. Op. & Ord. May 18, 2011).

- 3 -

Defendants Payne and Waters allegedly had Plaintiff retaliatorily transferred to AMF, where he continues to be subjected to retaliation, including being placed in an ant and spider-ridden cell and being denied medical treatment for his hernias and rectal bleeding, caused by an assault that is the subject of another complaint, *Gresham v. Granholm et al.*, No. 2:09-cv-231 (W.D. Mich.). Further, Plaintiff alleges that Defendants Gajewski and Tussing stole portions of Plaintiff's misconduct paperwork so that Plaintiff could not file an appeal. He also alleges that Gajewski and Tussing intercepted his mail to Senator Tupac A. Hunter, Attorney Cynthia Totten, and Judges Alice Batchelder and Paul Maloney, in order to prevent the discovery of unspecified abuses of Plaintiff's rights. In addition, Plaintiff complains that Defendant Hearing Investigators Rick Mohr and Julie Green failed to properly investigate certain misconduct charges, ostensibly in violation of Plaintiff's right to due process and in retaliation for his lawsuits. Plaintiff alleges that all Defendants have conspired to violate his First Amendment rights. The remainder of Plaintiff's allegations involve claims raised in other cases against individuals who are not Defendants in this action.

For relief, Plaintiff seeks a variety of injunctions, including orders for lifetime mental health and social work services, replacement of his stolen or damaged property, and a "Universal Federal Protection order." (*See* Am. Compl., docket #43, Page ID#237.) He also seeks compensatory and punitive damages of $150 million.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

- 4 -

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Absence of Allegations

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").  Plaintiff fails to even mention Defendants Snyder, Heyns, McKeon, Straub, Sherry, Kelly, Petaja, Jondreau or Mayotte in the body of his complaint.  His allegations therefore fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Moreover, to the extent that Plaintiff intends to suggest that any of these Defendants are liable because of their failure to supervise subordinates or to adequately respond to his grievances, he also fails to state a claim.  Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability.  *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658,

691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Snyder, Heyns, McKeon, Straub, Sherry, Kelly, Petaja, Jondreau or Mayotte engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

## B.     Conspiracy

Plaintiff broadly alleges that all Defendants have conspired, both among themselves and with defendants named in other lawsuits, to retaliate against Plaintiff or to otherwise deprive him of his constitutional rights. To state a claim for conspiracy, a plaintiff must plead with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Smith v. Rose*, 760 F.2d 102,106 (6th Cir. 1985); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996). A plaintiff's

allegations must show (1) the existence or execution of the claimed conspiracy, (2) overt acts relating to the promotion of the conspiracy, (3) a link between the alleged conspirators, and (4) an agreement by the conspirators to commit an act depriving plaintiff of a federal right. *Lepley v. Dresser*, 681 F. Supp. 418, 422 (W.D. Mich. 1988). "[V]ague allegations of a wide-ranging conspiracy are wholly conclusory and are, therefore, insufficient to state a claim." *Hartsfield v. Mayer*, No. 95-1411, 1996 WL 43541, at *3 (6th Cir. Feb. 1, 1996). A simple allegation that defendants conspired to cover up wrongful actions is too conclusory and too speculative to state a claim of conspiracy. *Birrell v. Michigan,* No. 94-2456, 1995 WL 355662, at *2 (6th Cir. June 13, 1995).

Plaintiff's allegations of conspiracy are conclusory and speculative. His allegations, even viewed in the light most favorable to Plaintiff, describe a number of discrete incidents that occurred over a period of time involving numerous individual officers at multiple prisons. Plaintiff has provided no allegations establishing a link between the alleged conspirators or any agreement between them. He relies entirely on highly attenuated inferences from the fact that he has been subjected to treatment with which he disagrees by a variety of prison officials in various circumstances. As the Supreme Court has held, such allegations, while hinting at a "possibility" of conspiracy, do not contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556. Instead, the Court has recognized that, although parallel conduct may be consistent with an unlawful agreement, it is insufficient to state a claim where that conduct "was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed ... behavior." *Iqbal*, 129 S. Ct. at 1250. In light of the far more likely possibility that the various incidents occurring over the long history of Plaintiff's incarceration were unrelated, Plaintiff fails to state a plausible claim of conspiracy.

- 8 -

### C.  Failure to Investigate Misconduct Charges

Plaintiff alleges that Defendant Hearing Investigators Mohr and Green failed adequately to investigate certain unspecified misconduct charges.  He alleges that the lack of investigation violated due process and was the result of retaliation.

### 1.  Procedural due process

A prisoner's ability to challenge a prison misconduct conviction depends on whether the conviction implicates any liberty interest.  In the seminal case in this area, *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Court prescribed certain minimal procedural safeguards that prison officials must follow before depriving a prisoner of good-time credits on account of alleged misbehavior.  The *Wolff* Court did not create a free-floating right to process that attaches to all prison disciplinary proceedings; rather the right to process arises only when the prisoner faces a loss of liberty, in the form of a longer prison sentence caused by forfeiture of good-time credits:

> It is true that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison.  But here the State itself has not only provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior.  Nebraska may have the authority to create, or not, a right to a shortened prison sentence through the accumulation of credits for good behavior, and it is true that the Due Process Clause does not require a hearing "in every conceivable case of government impairment of private interest."  But the State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment "liberty" to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.

*Wolff*, 418 U.S. at 557 (citations omitted).

Plaintiff does not allege that his major misconduct convictions resulted in any loss of good-time credits, nor could he.  The Sixth Circuit has examined Michigan statutory law, as it

relates to the creation and forfeiture of disciplinary credits for prisoners convicted for crimes occurring after April 1, 1987.[4]  In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the court determined that loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence. Rather, it merely affects parole eligibility, which remains discretionary with the parole board.  481 F.3d at 440.  Building on this ruling, in *Nali v. Ekman*, 355 F. App'x 909 (6th Cir. 2009), the court held that a misconduct citation in the Michigan prison system does not affect a prisoner's constitutionally protected liberty interests, because it does not necessarily affect the length of confinement.  355 F. App'x at 912; *accord, Wilson v. Rapelje*, No. 09-13030, 2010 WL 5491196, at * 4 (E.D. Mich. Nov. 24, 2010) (Report & Recommendation) (holding that "plaintiff's disciplinary hearing and major misconduct sanction does not implicate the Fourteenth Amendment Due Process Clause"), *adopted as judgment of court*, 2011 WL 5491196 (Jan. 4, 2011).  In the absence of a demonstrated liberty interest, Plaintiff has no due-process claim based on the loss of disciplinary credits.  *See Bell v. Anderson*, 301 F. App'x 459, 461-62 (6th Cir. 2008).

Even in the absence of a protectible liberty interest in disciplinary credits, a prisoner may be able to raise a due-process challenge to prison misconduct convictions that result in a significant, atypical deprivation.  *See Sandin v. Connor*, 515 U.S. 472 (1995).  Plaintiff has not identified any deprivation arising from his convictions, much less any significant or atypical deprivation.  Because Plaintiff's prison misconduct conviction did not result in an extension of the duration of a prisoner's sentence or some other atypical hardship, his due-process claim fails. *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004).

---

[4] For crimes committed after April 1, 1987, Michigan prisoners earn "disciplinary credits" under a statute that abolished the former good-time system.  MICH. COMP. LAWS § 800.33(5).

Moreover, even if Plaintiff possessed a liberty interest in avoiding the major misconduct charges filed against him, he fails to allege that Defendants Mohr or Green committed any action that deprived him of the requisite process.  In *Wolff,* the Supreme Court held that, in cases where a prisoner has a liberty interest in misconduct proceedings that might lead to a loss of good-time credits, prison disciplinary proceedings must meet minimal due process requirements by (i) giving inmates advance written notice of charges at least 24 hours prior to the disciplinary hearing; (ii) allowing the inmate to call witnesses and present documentary evidence in the inmate's defense; and (iii) providing the inmate with a written statement of evidence relied on by the disciplinary board and the reasons for the disciplinary action.  *Wolff*, 418 U.S. at 563-69.  There is no due process requirement that a hearing investigator must conduct his investigation in a certain way.  *See Falkiewicz v. Grayson,* 271 F. Supp. 2d 942, 948 (E.D. Mich. 2003).  Therefore, Plaintiff's allegations against Defendants Mohr and Green also fail to allege the deprivation of any procedural protection.

For both reasons, Plaintiff fails to state a due process claim against Defendants Mohr and Green.

### 2. Retaliation

Plaintiff next alleges that Defendants' failure to investigate amounted to retaliation in violation of the First Amendment.  Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse

action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("bare allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts whatsoever to support his conclusion that Defendants Mohr and Green retaliated against him because of his grievances and law suits, which were filed while Plaintiff was housed at a different facility. Accordingly, he fails to state a retaliation claim against Defendants Mohr and Green. *See Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

### D. Remaining Defendants

Upon initial review, the Court concludes that Plaintiff's allegations state a claim against Defendants Makela, Neubecker, Mann, Forrest, Schultz, Conklin, Payne, and Waters.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Snyder, Heyns, McKeon, Straub, Sherry, Kelly, Petaja, Jondreau and Mayotte will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Makela, Neubecker, Mann, Forrest, Schultz, Conklin, Payne, and Waters.

An Order consistent with this Opinion will be entered.


Dated: September 30, 2011          /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE